**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRAD RUSH,** | ) | **CASE NO. 1:05CV2807** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **UNITED PARCEL SERVICE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion to Dismiss of Defendant United Parcel Service, Inc. ("UPS") (ECF DKT #5) and the Motion to Remand of Plaintiff Brad Rush (ECF DKT #8). For the reasons that follow, the Motion to Remand is granted. Therefore, the Court need not address the merits of the Motion to Dismiss, which will be returned as part of the file to Medina County Common Pleas Court for further proceedings.

**I. FACTUAL BACKGROUND**

Plaintiff Brad Rush is employed as a package car driver by Defendant UPS and is a member of Local No. 348 of the International Brotherhood of Teamsters. On July 25, 2005, Rush was terminated by UPS pursuant to a charge of sexual harassment. His termination was

grieved under the Collective Bargaining Agreement ("CBA"); and he was re-instated with a disciplinary suspension after a hearing before a board of arbitrators. Plaintiff Rush alleges that the arbitrators were guilty of misconduct, in that they failed to consider evidence in the form of fifteen or more statements of managers and/or co-workers favorable to him. On November 7, 2005, Plaintiff Rush filed a Motion to Vacate Arbitration Award in Medina County Common Pleas Court, under the authority of Ohio Revised Code Sections 2711.10 and 2711.13. On December 6, 2005, Defendant UPS filed a Notice of Removal, pursuant to 28 U.S.C. § 1441(a), asserting this is a civil action arising under the laws of the United States, specifically § 301 of the Labor Management Relations Act ("LMRA").

## II. LAW AND ANALYSIS

A state court action may be removed to federal court if it qualifies as a "civil action ... of which the district courts of the United States have original jurisdiction, unless Congress expressly provides otherwise." 28 U.S.C. § 1441(a). The United States Supreme Court has held, "that [t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). "To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109,112 (1936). Further, this District has recently re-emphasized that, "where the defendant bases removal on federal question jurisdiction, a federal question must be presented on the face of the plaintiff's pleaded complaint." *Frasca v. Shaker Square*

*Chiropractic, Inc.*, 252 F. Supp. 2d 368 (N.D. Ohio 2002).

However, an exception to the "well-pleaded complaint" rule is the "complete preemption" doctrine. *Caterpillar*, 482 U.S. at 399. The United States Supreme Court limits complete preemption to very few statutes – among them is § 301 of the LMRA, 29 U.S.C. 185(a). Section 301 preempts state law when plaintiff's claim "substantially implicate[s] the meaning of collective bargaining agreement terms." *DeCoe v. Gen. Motors Corp.*, 32 F. 3d 212, 216 (6th Cir. 1994). To determine whether a claim is completely preempted by § 301, the court applies a two-step analysis:

> 1. Whether proof of the state law claim requires interpretation of collective bargaining terms; and
> 2. Whether state law or the CBA created the plaintiff's right to bring suit.

*DeCoe*, 32 F. 3d at 216; *Medlen v. Estate of Meyers*, Slip Copy, 2005 WL 3307312 (N.D. Ohio), No. 3:05CV7201, December 6, 2005.

Plaintiff Rush brought his complaint to vacate the arbitration decision, imposing disciplinary suspension upon him rather than termination, under Ohio Revised Code Sections 2711.10 and 2711.13. A party to an arbitration may ask the court of common pleas for an order vacating, modifying, or correcting the award. § 2711.13. Moreover, an award may be vacated upon a finding that the "arbitrators were guilty of misconduct ... in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." § 2711.10. Clearly, the authorization for Plaintiff's state court action derives from Ohio's statutory framework.

According to Plaintiff, the arbitrators considered statements of three union members and three members of management, but refused to consider the fifteen or more statements describing

Plaintiff's behavior as professional and appropriate. Whether the arbitrators intentionally and incorrectly ignored evidence, and whether that conduct was of such a nature as to require vacating their award, are pure factual questions which can be resolved without resorting to an interpretation of the terms of the CBA.

### III. CONCLUSION

Upon review of the pleadings, and after careful consideration of the arguments and applicable law, this Court finds, that because § 301 of the LMRA does not preempt Plaintiff's complaint to vacate the arbitrators' award, federal question jurisdiction does not exist, and removal was improper. The Motion to Remand of Plaintiff Brad Rush is granted, although the assessment of costs and attorney's fees is not warranted; and the above-captioned case is returned to Medina County Common Pleas Court.

**IT IS SO ORDERED**.

**DATE: April 14, 2006**

      s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
(Signed original on file)